

# NUMBER 13-25-00292-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE HOMESITE INSURANCE COMPANY

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron
Memorandum Opinion by Chief Justice Tijerina[1]**

By petition for writ of mandamus, relator Homesite Insurance Company (Homesite) asserts that the trial court abused its discretion by denying Homesite's motion to compel appraisal. Homesite asserts that it possesses "an unqualified contractual right" to have a dispute regarding storm-related property damage submitted to the appraisal process.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."), *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."), *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion; and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

Mandamus relief is appropriate to enforce an appraisal clause because denying appraisal vitiates the insurer's right to defend its breach of contract claim. *In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d 404, 412 (Tex. 2011) (orig. proceeding); *In re SureChoice Underwriters Reciprocal Exch.*, 702 S.W.3d 876, 882 (Tex. App.—Houston [1st Dist.] 2024, orig. proceeding); *see also In re Trisura Ins.*, No. 13-25-00119-CV, 2025 WL 2157969, at *2 (Tex. App.—Corpus Christi–Edinburg July 29, 2025, orig. proceeding) (mem. op.) (collecting cases).

The Court, having examined and fully considered Homesite's petition for writ of mandamus, the response filed by real party in interest Roberto Garcia, Homesite's reply, the record, and the applicable law, is of the opinion that Homesite has not met its burden to obtain relief. Specifically, based on the pleadings filed in the proceedings below, the trial court may have reasonably concluded that Homesite sought to compel appraisal based on an insurance policy that was not in effect at the time of the loss. Accordingly,

2

we lift the stay that we previously imposed in this original proceeding. *See* Tᴇx. R. Aᴘᴘ.

P. 52.10. We deny the petition for writ of mandamus.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
21st day of November, 2025.